UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| COURTNEY GARNER,<br><br>Plaintiff,<br><br>v.<br><br>GRAND SUMMIT APARTMENTS, LLC<br><br>Defendant. | Case No. 26-14090<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS [2] AND DISMISSING COMPLAINT [1]**

Courtney Garner filed at *pro se* complaint combined with an "emergency motion for temporary restraining order, preliminary injunction, and other appropriate relief" seemingly in response to an eviction order entered against her in the 67th District Court for Genesee County, Michigan. (ECF No. 1.) The complaint is styled as one "alleging violation of federal rights," but no such rights are asserted. (*Id.*) Thus, the Court lacks jurisdiction and must dismiss the complaint without prejudice.

**I.**

**A.**

Along with her complaint, Garner filed an application to proceed without prepayment of fees and costs under 28 U.S.C. § 1915(a). (ECF No. 2.) Section 1915 is intended to ensure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated

with litigation. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948). A showing of absolute destitution is not required. *Adkins*, 335 U.S. at 339; *Foster v. Cuyahoga Dep't of Health & Hum. Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Rather, the relevant question is "whether the court costs can be paid without undue hardship." *Foster*, 21 F. App'x at 240. In determining eligibility, courts typically look to income, expenses, and "any other property or assets the person may possess." *Giles v. Comm'r of Soc. Sec.*, No. 14-11553, 2014 WL 2217136, at *1 (E.D. Mich. May 29, 2014); *see Carroll v. Onemain Fin. Inc.*, No. 14-14514, 2015 WL 404105, at *2 (E.D. Mich. Jan. 29, 2015) (citing *United States v. Valdez*, 300 F. Supp. 2d 82, 84 (D.D.C. 2004)); *Glover v. Colvin*, No. 14-00216, 2015 WL 417988, at *2 (E.D. Ky. Jan. 30, 2015). "The decision whether to grant a request . . . is committed to the discretion of the district court." *Glover*, 2015 WL 417988, at *1 (quoting *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982) (per curiam)).

The Court has reviewed Garner's application and finds that this is a close call. Applications to proceed without prepaying fees or costs "have been denied where an applicant's assets exceed the cost of filing the complaint." *Beres v. Comm'r of Soc. Sec. Admin.*, No. 14-01448, 2014 WL 3924634, at *2 (N.D. Ohio Aug. 11, 2014) (collecting cases); *Gencyuz v. Comm'r of Soc. Sec. Admin.*, No. 18-11397, 2018 WL 4524117, at *1 (E.D. Mich. May 4, 2018); *see, e.g.*, *Hines v. Comm'r of Soc. Sec. Admin.*, No. 17-2332, 2017 WL 6047651, at *2 (N.D. Ohio Dec. 7, 2017) ("At a balance of $451.92

Plaintiff's savings and checking accounts contains enough money to pay the filing fee.").

The filing fee is $405.00.[1] While Garner suggests she has no assets, she has a monthly income of $3,800 that exceeds her total expenses (including loan payments) of $3,308. (ECF No. 2.) Thus, her monthly income minus her monthly expenses should leave enough money to pay the filing fee. For that reason, the Court is not convinced that Garner has met the indigency threshold. But even if she was allowed to proceed *in forma pauperis*, her complaint must still be dismissed for lack of subject matter jurisdiction.

**B.**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Therefore, federal courts have an obligation to confirm that they have subject matter jurisdiction over each case pending before them—and, if subject matter jurisdiction is absent, to dismiss the action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." (citing Fed. R. Civ. P. 12(b)(1))).

[1] This fee consists of a $350.00 filing fee and a $55 administrative fee. *See* 28 U.S.C. § 1914(a)–(b); *District Court Miscellaneous Fee Schedule*, U.S. Cts., provision 14 (eff. Dec. 1, 2023), https://perma.cc/8PVS-N7MY.

Garner invokes the Court's federal question jurisdiction under 28 U.S.C. § 1331, but identifies no federal law or constitutional right to support that claim. (ECF No. 1, PageID.1–2.) In the jurisdiction section of her complaint she identifies the federal statute or constitutional provision allegedly violated as "stay in BK [sic]" and the specific facts supporting federal jurisdiction as "28 U.S.C. 1331[.]" (*Id.*) When she later asks for an injunction, she says the federal legal basis is 28 U.S.C. § 1391, but that is the Court's venue provision. *See* 28 U.S.C. § 1391 (titled "Venue generally").

Her complaint is also devoid of sufficient facts to enable the Court to glean the appropriate federal law or constitutional provision she is suing under. *See Jackson v. Thompson*, No. 05-00823, 2006 WL 1697631, at *2 (S.D. Ohio June 20, 2006) (dismissing housing-related complaint because plaintiff "fail[ed] to set forth any legal authority" or "any jurisdictional allegation" that could vest the court with subject matter jurisdiction). So the Court must dismiss the case. *Qandah v. Johor Corp.*, No. 17-11126, 2020 WL 5944459, at *2 (E.D. Mich. Oct. 7, 2020) ("A court must dismiss a case if it determines that it does not have subject matter jurisdiction.") (quoting *Arbaugh*, 546 U.S. at 514).

## II.

For the reasons above, the Court DENIES Garner's application to proceed without prepayment of the filing fee (ECF No. 2) and DISMISSES WITHOUT PREJUDICE her complaint (ECF No. 1).

SO ORDERED.

Dated: October 27, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE